IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOY MITCHELL** | * | |
| | * | |
| v. | * | **Civil Case No. DKC-16-359** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

**REPORT AND RECOMMENDATIONS**

Joy Mitchell has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,520.45, plus $400.00 in filing fees. (ECF No. 18). Because Ms. Mitchell did not consent to a magistrate judge for all proceedings, her request for attorney's fees has been referred to me, pursuant to Standing Order 2014–01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner opposed Ms. Mitchell's petition for fees contending that the fee sought is excessive. [ECF No. 19]. Ms. Mitchell subsequently filed a reply. [ECF No. 20]. For the reasons set forth below, I recommend that Ms. Mitchell's Motion for Attorney's Fees be GRANTED in part and DENIED in part.

   I.   **BACKGROUND**

Joy Mitchell filed an application for disability insurance benefits on September 19, 2012. (Tr. 153-56). After being denied benefits at the administrative level, Ms. Mitchell appealed the decision to this Court. [ECF No. 1]. She was represented on appeal by a law firm based in

Washington, D.C., with the assistance of another law firm in Maryland. In her motion for judgment on the pleadings, Ms. Mitchell raised several primary arguments, including: (1) that the ALJ erred in evaluating the medical opinion evidence; (2) that the ALJ failed to properly evaluate the Listings; (3) that the ALJ failed to perform a function-by-function analysis; (4) that the ALJ erred in assessing the credibility of Ms. Mitchell's subjective complaints; and (5) that the ALJ's holding ran afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F. 3d 632, 638 (4th Cir. 2015). [ECF No. 15]. The Commissioner subsequently submitted a consent motion to remand Ms. Mitchell's claim to the Agency under sentence four of 42 U.S.C. § 405(g). (ECF No. 16). This Court granted the consent remand on September 22, 2016. [ECF No. 17].

On October 19, 2016, Ms. Mitchell timely filed the instant Motion for Attorney's Fees. [ECF No. 18]. Ms. Mitchell seeks $9,520.45 for her counsel, which represents 45.29 hours of attorney work time at an hourly rate of $193.19, and 4.91 hours of legal assistant work time at an hourly rate of $157.00. *Id*.

## II.   ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id*.

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002);

(quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)).  Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  *Id*. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)).  Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable.  *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

   Ms. Benagh's accounting of hours billed for her work in Ms. Mitchell's case totals 52.83 hours. Notably, Ms. Benagh is only requesting compensation for 41.89 hours. [ECF No. 18-3]. Regardless, I find that this amount of time is excessive.  Most significantly, Ms. Benagh alleges that she spent 32.98 hours preparing and drafting Plaintiff's motion for summary judgment. [ECF No. 18-3].  In support of her argument, Ms. Benagh contends that the time allocated was reasonable in light of the record-intensive nature of the case and the unusual amount of medical research involved.  Pl. Mem. 3-5.  However, Ms. Benagh has failed to show why this case was more record-intensive or required more medical research than a typical Social Security case. Indeed, the record in this case was 414 pages long, [ECF No. 11], which is quite short in comparison with other Social Security appeals, which regularly involve records in excess of 700 pages.  Ms. Benagh has also failed to establish that any of the legal or factual issues involved were unique or novel, particularly in light of Counsel's extensive expertise.  Ms. Benagh further contends that the numerous claims stemming from the ALJ's opinion supports the reasonableness of the hours her counsel expended.  The number of issues raised in a case, however, is not equivalent to the number of meritorious issues in a case.  The Court is wary of

creating an incentive to include frivolous arguments by basing the reasonableness of time expended by an attorney on the number of arguments raised.

Moreover, other excessive claims warrant reduction. For example, Ms. Benagh includes four entries totaling .95 hours for work related to the preparation of the EAJA fee petition. EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel significant time to prepare. *Bradford v. Colvin*, No. WMN-14-2016, 2015 WL 5895795, at *4 (D. Md. Oct. 5, 2015). Ms. Benagh also includes 1.91 hours for a legal assistant to proofread and critique the fee petition and motion for summary judgment. [ECF No. 18-3]. However, "[t]asks of a clerical nature are not compensable as attorney's fees." *Barnett v. Colvin*, No. Civ. JKB-14-2588, 2015 WL 1736796, at *2 (D. Md. Apr. 15, 2015) (internal citations omitted). Accordingly, the Commissioner should not pay for a legal assistant to review and critique these documents, written by counsel, before filing. Furthermore, Ms. Benagh includes 3.00 hours for co-counsel, of Andalman Flynn, to review and edit Ms. Mitchell's complaint and motion for summary judgment. [ECF No. 18-3]. However, the Commissioner should not pay for two separate experienced attorneys to review filings.

Ultimately, Ms. Mitchell fails to establish that the number of hours expended by her counsel in this case was reasonable. Notably, the $9,520.45 fee sought by Ms. Mitchell as compensation for those hours far exceeds the heartland of fees recently awarded in cases presenting in a similar procedural posture. *See*, *e.g.*, *Mongan v. Colvin*, Civil No. SAG-16-64 (Nov. 16, 2016) (awarding fees in the amount of $1,985.00); *Hunter v. Colvin*, Civil No. SAG-15-3758 (Nov. 16, 2016) (awarding fees in the amount of $3,566.29); *Eberly v. Colvin*, Civil No.

SAG–15–3110 (Nov. 10, 2016) (awarding fees in the amount of $4,070.52); *Lamberti v. Colvin*, Civil No. SAG–15–3107 (Nov. 10, 2016) (awarding fees in the amount of $3,700.00); *Trego v. Colvin*, Civil No. SAG–15–3822 (Nov. 9, 2016) (awarding fees in the amount of $4,060.56); *Young v. Colvin*, Civil No. SAG–15–3297 (Nov. 8, 2016) (awarding fees in the amount of $4,530.15); *Baylor v. Colvin*, Civil No. SAG–15–3520 (Nov. 7, 2016) (awarding fees in the amount of $3,185.89); *Schenk v. Colvin*, Civil No. SAG–16–0314 (Nov. 2, 2016) (awarding fees in the amount of $4,100.00); *Turner v. Colvin*, Civil No. SAG–16–0498 (Oct. 27, 2016) (awarding fees in the amount of $2,886.00); *Schock v. Colvin*, Civil No. SAG–16–3719 (Oct. 26, 2016) (awarding fees in the amount of $3,022.22). This Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 163 (1990)). Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See*, e.g., *Faircloth v. Colvin*, Civil No. 2:13-cv-156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil No. 2:09-cv-29, 2012 WL 3155624, at * 5 (W.D.N.C. Aug. 2, 2012). Thus, I conclude that, in light of the relative brevity of the record in this case and the lack of any indication that it was legally or factually more complex than the typical Social Security case, an award of attorney's fees for 30 hours of work is reasonable.

Accordingly, I recommend an award of fees for 30 hours of attorney work at the requested hourly rate of $193.19 for a total fee of $5,795.70, plus the $400.00 filing fee. That award is reasonable because it fairly compensates counsel for work performed on the appeal, commensurate with – and in fact greater than – what other experienced lawyers receive in similar

cases, without compensating for duplicative or unnecessary work performed on Ms. Mitchell's behalf.

### III.  CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Ms. Mitchell's Motion for Attorney's Fees, and award her $5,795.70 in fees, plus $400.00 in costs, under the EAJA.  Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### IV.  NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  November 17, 2016                                    /s/
                                                                          Stephanie A. Gallagher
                                                                          United States Magistrate Judge